# UNITED STATES DISTRICT COURT
# DISTRICT OF HAWAII

_____

| | |
|---|---|
| JUAN MANUEL DELGADO, | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| and | ) |
| | ) |
| MONTY WILKINSON, Acting United States Attorney General; KENNETH CUCCINELLI, Acting Secretary of the Department of Homeland Security; DAVID GULICK, District Director, USCIS CHRISTOPHER M. ROBINSON, Honolulu Field Office Director of USCIS | ) |
| | ) |
| Defendants | ) |

_____

### PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS AND REQUEST FOR EMERGENCY TEMPORARY <u>RESTRAINING ORDER</u>

FERNANDO L. COSIO
Attorney for Plaintiff
JUAN MANUEL DELGADO

LAW OFFICE OF FERNANDO L. COSIO
1050 Bishop Street # 244
Honolulu, Hawaii 96813
(808) 533-6007
Email: condorlaw@aol.com

COMES NOW JUAN MANUEL DELGADO , Plaintiff in the above-styled and numbered cause, and for his cause of action alleges the following:

1. This action is brought against the Defendants to compel a decision on the merits of a request for a continuance of USCIS scheduled hearing, set for next week Tuesday, January 26, 2021 at 12:30 p.m. at the USCIS Honolulu District Office, located at 500 Ala Moana Blvd, Building No. 2, 4th Floor, Honolulu, Hawaii.

2. Plaintiff has made repeated attempts since January 7, 2021 to have USCIS reschedule the hearing because Plaintiff DELGADO, a Maui resident, is afraid to travel due to the increase of the Covid 19 pandemic, and the fact that he has to travel to and from Maui in an inter island enclosed round trip flight. Plaintiff's wife and minor child are at high risk of contracting Covid 19 because both have asthmatic respiratory conditions.

3. Plaintiff, through counsel, has written various emails and letters to Defendant ROBINSON to request the continuance to no avail. Attached hereto are the emails exchanged and letters regarding the request for a continuance. (*"Exhibits B-D"*)

4. Despite the near 24,000,000 US residents who have been contaminated with Covid 19 and the death count at over 400,000 souls who have died due to the pandemic, Defendants have not instituted hearings or interviews via Zoom, Webex, or by telephone.

5. While the US Federal District Court of Hawaii has taken a number of precautions to safeguard the public and counsel, as well as the Circuit and District Courts of Hawaii in all islands, USCIS has not provided counsel with any alternate means or options to attend hearings and interviews via virtual portals, or by

telephone.

6. Other agencies, including the State of Hawaii Department of Commerce and Consumer Affairs, offer telephonic hearings to claimants who contest the denial of motor vehicle insurance coverage to Hawaii residents. Moreover, even though many of the Administrative Hearings Officer are working out of their homes, the hearing officers continue to care and amicably accommodate requests, including continuance of hearings in light of the Covid 19 pandemic.

7. Through the instant action for a Writ of Mandamus, Plaintiff requests that this Court compel Defendants to adjudicate his request for a continuance. It should be noted that Plaintiff is not requesting that this Court compel Defendants to decide the subject request either in favor or against Plaintiff.

8. Plaintiff further respectfully requests that this Court issue an emergency order that the current scheduled subject USCIS hearing set for next Tuesday, January 26, at 12:30 p.m. be postponed until such time that USCIS calendars the new date for Plaintiff's hearing.

9. Defendants are not following their own internal instructions and memorandum. The attached official United States Citizenship and Immigration Services, entitled USCIS Response to Coronavirus 2019 (Covid19), specifically provides that ***"If You Fee Sick, Please Consider Cancelling and Rescheduling Your USCIS Appointment***. See (***"Exhibit A"***). Counsel in his latest letter (***Exhibit B***) informed Defendant CHRISTOPHER M. ROBINSON that he was fighting off a cold due to the recent cold weather and rain, and that it would not be prudent for him to enter the USCIS office in light of the circumstances.

**PARTIES**

10. Plaintiff JOSE MANUEL DELGADO ( hereinafter referred to a "DELGADO) is native and citizen of Argentina. He received his United States Legal Permanent Resident status through a prior marriage to a United States Citizen.

11. Defendant MONTY WILKINSON is the current Acting United States Attorney General.

12. Defendant KENNETH CUCCINELI is the Acting Secretary of the Department of Homeland Security, who replaced CHAD WOLF, Acting Secretary of the Department of Homeland Security.

13. United States Citizenship and Immigration Services (hereinafter referred to as "USCIS" is an agency within the Department of Homeland Security. This action is brought against all Defendants in their official capacity.

14. Defendant DAVID G. GULICK is the Honolulu District Director of USCIS. As the District Director, he is an official of USCIS charged with supervisory authority over all operations of the USCIS within his district, which includes Hawaii, Guam and Saipan. Among other functions and duties, he oversees the USCIS Honolulu Field Office and Defendant CHRISTOPHER M. ROBINSON.

15. Defendant CHRISTOPHER M. ROBINSON is the Honolulu Field Office Director of USCIS. Mr. Robinson is responsible for the adjudication and supervision of the requests for continuance of hearings and interviews where the applicant's file is in the physical custody of the Honolulu Field Office of USCIS.

## JURISDICTION

16. Jurisdiction in this case is proper under *28 USC §§1331 and 1361, 5 USC §701 et seq., and 28 USC §2201 et seq*. Relief is requested pursuant to said statutes.

17. Jurisdiction is also conferred pursuant to *5 U.S.C. §§ 555 (b) and 702 of*

*the Administrative Procedure Act ( APA).*

18. This action further arises under the *Due Process Clause of the Fifth Amendment of the U.S. Constitution.*

19. This Court may also grant relief under the *All Writs Act, 28 U.S.C. § 1651,* in which the Federal District Courts have authority to issue writs to "aid" their jurisdictions.

## VENUE

20. Venue is proper in this court, pursuant to *28 USC §1391(e)*, in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a Defendant resides and where a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred.

## EXHAUSTION OF REMEDIES

21. Plaintiff has exhausted his administrative remedies. Plaintiff both personally and through his attorneys have followed all instructions to no avail, even though an action for writ of mandamus is not subject to the requirement of exhausting administrative remedies, to the extent that a writ of mandamus is an action in which it requests that the Federal District Court order a government employee(s) to carry out the adjudicative functions delegated to them by law.

## CAUSES OF ACTION

22. Plaintiff DELGADO, by and through his undersigned counsel, requested a continuance of the USCIS administrative hearing to review the denial of his application of US Citizenship on January 7, 2021. See attached "*Exhibit C*."

23. Counsel received the attached email, attached and marked as *"Exhibit D,"* highlighted in yellow, from Defendant ROBINSON on January 19, 2021 in which he instructs Plaintiff to call the USCIS Contact Center, a national centralized telephone customer service, and/or contact the various sources referenced in his email.

24. As per Defendant ROBINSON's instructions, On January 19, 2021 Plaintiff DELGADO called the USCIS Contact Center. However, he was informed that it could not help Plaintiff reschedule his appointment.

25. Counsel thereafter sent another email to Robinson and requested that the USCIS local office reschedule the hearing and requested clarification of an email which Plaintiff received in his email which made reference to documents which were not listed in the email. A copy of said email is part of the string of emails, attached and marked as "*Exhibit D.*"

26. On January 20, 2021, Counsel for Plaintiff attempted personal delivered of a letter and a form G 28, the notice of appearance as counsel for Plaintiff. However, the USCIS Honolulu local office was closed.

27. On January 21, 2021, Counsel for Plaintiff personally served another letter at the USCIS Honolulu local office at Restaurant Row, 500 Ala Moana Blvd., Building # 2, Fourth floor. The time was approximately 10 a.m. or thereabouts. Officer Williams, Security Officer, accepted the letter. (*"Exhibit B"*).

28. Despite compliance with all the instructions of Defendant ROBINSON and the steps which are referenced in the attached emails, USCIS has not decided to date Plaintiff's request for a continuance.

29. Defendant's failure to make a decision on the request for a continuance is,

as a matter of law, arbitrary and not in accordance with the law.

30. Plaintiff and Counsel will be unnecessarily exposed to Covid 19 if the January 26, 2021 appointment is not continued to another safer date in the future. Plaintiff has suggested a three (3) month extension with the hopes that the pandemic will have decreased by such a date.

31. Defendants' nonfeasance, as described above, is a violation of the *Administrative Procedures Act, 5 USC §701 et seq*., inasmuch they have and continue to unlawfully withhold a decision on Plaintiffs' request for a continuance, and therefore have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case.

32. **Plaintiff and his undersigned Counsel will be irreparably harmed if they were to be unnecessarily exposed to Covid 19 at next week's USCIS hearing.**

33. Plaintiff respectfully submits that they have met the legal standard to obtain a temporary restraining order. *Levy Strauss & Co. V. Sunrise International Trading Inc. v. Miller, 51 F. 3d 982 (11th Cir. 1995*). <u>First</u>, there is a substantial likelihood that Plaintiff will ultimately prevail in his underlying case because there is a statutory waiver to excuse the charges alleged by Defendants; <u>Second</u>, there is a substantial threat that Plaintiff and his Counsel will be contaminated given the rise in Covid cases in Hawaii. On January 22, 2021, there were 119 new cases reported in the local news. 66 originated in Honolulu, and 30 new cases from Maui. These numbers do not take into account persons who are carriers of Covid 19 but who have not exhibited any of the symptoms of contamination because they are in the incubation period. <u>Third</u>, USCIS in its

own announcements has represented that it will be continue cases if a person is getting sick. (*"Exhibit A"*). Moreover, Defendants will not be prejudiced by the granting of the TRO, inasmuch as USCIS could readily reschedule the hearing in three months time as requested. And <u>Fourth</u>, a TRO is in the best interest of the public, since any continuance will safeguard Plaintiff and Counsel, and the greater population. Should either be contaminated, each will exponentially infect others, as it has been clearly established by science and recognized by both City and State Government Orders, coupled with the Orders issued by both the Federal and State Courts to reduce the incidence of contamination by the Covid 19, which is currently totally out of control in the mainland, as per daily news reports. This four prong standard is not rigidly applied by assigning a fixed quantitative value to each of the four factors. Rather, a flexible scale which balances each consideration and arrives at the most equitable result should be applied given the particular circumstances in each case. ***Texas v. Seatrain International, S.A. 518 F.2d 175, 180 (5th Cir. 1975).***

PRAYER

WHEREFORE, in view of the circumstances and authorities noted herein, Plaintiffs respectfully pray that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

(a) requiring Defendants to properly adjudicate Plaintiff's request for a continuance;

( b) cancelling the January 26, 2021 scheduled hearing until such time that USCIS adjudicates Plaintiff's request for a continuance to a later date which should take into account the health and well being of all;

( c) Award costs and reasonable attorneys' fees in this action as provided for by the Equal Access to Justice Act, 28 U.S.C. § 2412, or other statutes; and,

( d) granting such other relief at law and in equity as justice may require.

Respectfully submitted,

*s/Fernando L. Cosio*

_____

FERNANDO L. COSIO
Attorney for Plaintiff
JOSE MANUEL DELGADO

Law Office of Fernando L. Cosio
1050 Bishop Street # 244
Honolulu, Hawaii 96813
(808) 533-6007
 Email:  condorlaw@aol.com

# LIST OF ATTACHMENTS

*Exhibit*   *Description*

- A. USCIS Internal Memorandum Regarding *Cancellation of Appointments if Feeling Sick*;

- B. Urgent Letter to Defendant CHRISTOPHER M. ROBINSON;

- C. January 7, 2021 letter to Defendant CHRISTOPHER M. ROBINSON requesting a continuance of the January 26, 2021 USCIS scheduled in person hearing;

- D. Email from Defendant ROBINSON with instructions to direct all case specific inquiries to the USCIS Contact Center, and to use other online tools and resources. Also includes the string of related emails to Defendant ROBINSON and other apparent automated emails from USCIS.