IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| JUAN MANUEL DELGADO,<br><br>Plaintiff,<br><br>vs.<br><br>MONTY WILKINSON, *et al.*,<br><br>Defendants. | Case No. 21-cv-00058-DKW-KJM<br><br>**ORDER (1) DENYING AS-CONSTRUED MOTION FOR TEMPORARY RESTRAINING ORDER, AND (2) DIRECTING PLAINTIFF TO SHOW CAUSE** |

On January 22, 2021, Plaintiff Juan Manuel Delgado filed a Complaint "for writ in the nature of mandamus and request for emergency temporary restraining order." Dkt. Nos. 1, 3. In his Complaint, which is accompanied by several exhibits, Delgado requests that this Court order the United States Citizenship and Immigration Services (USCIS) to adjudicate his request for a continuance of a January 26, 2021 hearing before USCIS. Among other things, Delgado asserts that USCIS' "failure to make a decision on the request for a continuance is, as a matter of law, arbitrary and not in accordance with the law." Compl. at ¶ 29, Dkt. No. 1. Other than the Complaint, no further briefing has been filed by Plaintiff. Thus, given that it appears that Plaintiff wishes to use his as-yet unserved Complaint as a vehicle to move for affirmative relief, the Court construes the Complaint as an ex parte motion for a temporary restraining order.

Construed as such, the motion for temporary restraining order, Dkt. No. 1, is DENIED. Contrary to the assertions in the Complaint, the record reflects that USCIS *has* made a decision on Delgado's request for a continuance. More specifically, the exhibits submitted with the Complaint reflect that, in an email dated January 19, 2021 (Dkt. No. 3-4 at 2-4), USCIS informed Delgado that "we are *unable* to approve your request." *Id*. at 3 (emphasis added). USCIS, in other words, has made the decision that Delgado claims it has not, albeit a decision contrary to Delgado's desired outcome. Therefore, the relief Delgado seeks by way of a temporary restraining order, and perhaps this entire case, is moot. The motion for a temporary restraining order is DENIED on that basis.

## ORDER TO SHOW CAUSE

In light of the discussion above, the Court sees little purpose moving any further with this case, absent a more detailed explanation from Plaintiff as to both how this Court has subject matter jurisdiction and/or whether an actionable controversy exists here.

In the Complaint, although Plaintiff cites various federal statutory provisions and even the Due Process Clause of the U.S. Constitution, the only statute relied upon with even a modicum of explanation is the Administrative Procedures Act (APA). *See* Compl. at ¶ 31. Based upon the record before the Court, though, the

APA clearly does not apply here, as this case involves neither a final agency action nor an agency action unlawfully withheld or unreasonably delayed. *See* 5 U.S.C. § 706(1)-(2). Mandamus is also not an independent source of jurisdiction. *See Lights of Am., Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 130 F.3d 1369, 1370 (9th Cir. 1997) ("Thus, courts must possess an independent source of jurisdiction before entertaining a request for a writ of mandamus.").

**Therefore, Plaintiff is ORDERED TO SHOW CAUSE why this case should not be dismissed for lack of subject matter jurisdiction and/or as moot. Plaintiff may have until February 1, 2021 to respond to this Order to Show Cause. Failure to file a timely response will result in this case being dismissed for the reasons set forth herein.**

IT IS SO ORDERED.

Dated: January 25, 2021 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Juan Manuel Delgado v. Monty Wilkinson, et al*; Civil No. 21-00058 DKW KJM
**ORDER (1) DENYING AS-CONSTRUED MOTION FOR TEMPORARY RESTRAINING ORDER, AND (2) DIRECTING PLAINTIFF TO SHOW CAUSE**